IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

JAMES ANDREW POLT, )
)
        Plaintiffs, )
)
vs. )
)
ANCHORAGE NEIGHBORHOOD )
HOUSING SERVICES, INC. )
)
        Defendants. )
_____ ) Case No. 3:06-cv-00119-TMB

### BRIEF IN SUPPORT OF MOTION TO STAY ACTION AND FOR COSTS OF PREVIOUSLY DISMISSED ACTION

**A.    Facts**

James A. Polt is a resident at the Adelaide Apartments which are managed by Alaska Mutual Housing Association. James A. Polt claims that his neighbors are noisy and cause him severe distress. He believes that AMHA should evict the neighbors. James Polt has filed four prior actions against AMHA alleging damages arising from AMHA's failure to enforce provisions of the lease. Those actions are as follows:

1) James A. Polt v. Alaska Mutual Housing Association, Alaska District Court at Anchorage 3AN-05-13613 CI. This action was filed on December 9, 2005 and dismissed on the Plaintiff's own motion on February 24, 2006. In this action the Plaintiff was seeking $225,000.00.

2) James A. Polt v. AMHA, State of Alaska, Department of Law Complaint 06-01-2034, Filed January 6, 2006 and dismissed March 17th, 2006 by the Plaintiff's own motion in March 2006. In this action the Plaintiff was seeking $225,000.00.

3) James A. Polt v. Anchorage Neighborhood Housing/Adelaide Apartment Complaint K6-011 filed January 12, 2006 and dismissed March 17, 2006 by the Pre-Determination Settlement Agreement was re-opened by the Equal Rights Commission on April 27, 2006 per James A. Polt's allegation of coercion and duress.

4) James A. Polt v. Anchorage Mutual Housing Association, Court Case No. 3AN-06-6611 CI filed June 6, 2006 and is still pending.

ALASKA LAW OFFICES, INC.
921 West Sixth Avenue, Suite 200, Anchorage, Alaska 99501
Phone (907)277-5000 Facsimile (907)277-6111

The first two actions have already been dismissed. The Plaintiff has once again sought to sue AMHA over the same exact issues and seek recovery of the same $225,000.00 in alleged damages. The third and fourth action should stay all future lawsuits until they are resolved. See attached Exhibits.

### Law

If a Plaintiff who has once dismissed an action an any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order.

Alaska Rule of Civil Procedure 41(d). Costs of Previously Dismissed Action.

> If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order.

**A.    Court Lacks Subject Matter Jurisdiction Because the Plaintiff Failed to Exhaust Administrative Remedies.**

The American With Disabilities Act (hereinafter "ADA") uses remedial procedures from other Civil Rights Statutes, which require exhaustion of administrative remedies. 42 USC § 12, 117 (1994) (Exhaustion required to file suit.). State Courts have concurrent jurisdiction over ADA claims. Lillback v. Metropolitan Life Ins. Co. 640 NE 2d. 250 (Ohio Ct. App 1994). When ADA claims are filed in State court, the Plaintiff must exhaust EEOC and State agency filing requirements just as when they are filed in Federal Court v. Capital Switch, Inc., 650 A2d. 526, 529 (Conn 1994). The requirement for a right to sue letter refers to a Civil action with no distinction between State and Federal actions. Id. When ADA defenses are presented in State court, the case stays in State court and that court must consider the defenses. Rodriguez v. Westhas, Inc. 833 F Supp 42J (SD NY 1993) (Dismissing Federal case to permit application of ADA in State eviction matter).

**B.    Defendant is not a Proper Party Defendant for an ADA Claim.**

ADA Titles II and III govern housing that is not covered by the Fair Housing Amendments Act, 42 USC 3604 (FHAA). Title II governs housing created, developed, managed, leased, owned and planned by every State, county and local public entity. Milstein "Housing and the ADA" in L. O. Gostin,

Implementing the Americans with Disabilities Act (1993) at 137.

ADA Title III covers public accommodations with the exception of "All commercial facilities covered as private housing under the FHAA. These covered lodgings included hotels, inns, motels, homeless shelters, substance abuse treatment centers, rape crisis centers and halfway houses. Id at 138.

### C. Colorado Absention Doctrine

Colorado River Wat. Cons. Dist. v. U.S. 424 US 800 (1976). A Plaintiff who brought an action in State court and subsequently filed a Federal Court action on the common nucleus of facts for a Federal claim must join the Federal Claim in the State action.

DATED at Anchorage, Alaska on June 28th, 2006

ALASKA LAW OFFICES, INC.

Clayton Walker, Jr
Alaska Bar # 0001002

ALASKA LAW OFFICES, INC.
921 West Sixth Avenue, Suite 200, Anchorage, Alaska 99501
Phone (907)277-5000 Facsimile (907)277-6111