**ANCHORAGE EQUAL RIGHTS COMMISSION**
**DISCRIMINATION COMPLAINT**

Complaint Number: K6-011             Filing Date: 1/12/2006

NAME: James Polt             Phone: N/A

Mailing Address: 645 G Street, Ste. 100, # 765      City, State: Anchorage, Alaska      Zip: 99501

***

I ALLEGE THAT THE FOLLOWING NAMED: Rental Property

NAME: Anchorage Neighborhood Housing/Adelaide Apartments      Phone: (907) 258-9017

Mailing Address: 201 E 9th Ave.      City, State: Anchorage, Alaska      Zip: 99501

***

If this is an employment complaint, does this employer have more than fifteen (15) employees? ☐Yes ☐No ☒N/A

***

DISCRIMINATED AGAINST ME ON THE BASIS OF MY:

☐Race ☐Religion ☐Sex ☐Color ☐National Origin ☒Physical disability ☒Mental disability ☐Age ☐Marital Status ☒Other

***

DATE OF MOST RECENT OR CONTINUING DISCRIMINATION: 12/15/2005

***

STATEMENT OF DISCRIMINATION:

I allege I have been discriminated against in violation of the following statutes prohibiting unlawful practices in the sale or rental of real property: Anchorage Municipal Code §5.20.020.

I moved into Respondent's apartment complex on or about May 10, 2005. Shortly after occupying the unit I noticed loud noises which were coming from the door of unit 215 slamming. I suffer from a disorder called hyperacusis which is a collapsed tolerance to normal environmental sounds, the sound of a slamming door is unbearable to me. I verbally complained to Respondent's manager about the door slamming. I wrote several letters complaining and asking for Respondent to fix the door and talk to the person occupying unit 215. My complaints were not answered and the person was not talked with. Respondent perceived me as hearing sounds in my head which resulted in a mobile emergency mental health clinician coming to my unit and placing me in fear of being committed against my will.

I allege the following discriminatory actions: **Failure to Accommodate/Physical Mental Disability**

1. I am mentally and physically disabled, thus I belong to a protected class.
2. On or about November 2, 4, and 8, and December 15, 2005, I wrote letters to Respondent and complained about door noise and requested that Respondent provide a reasonable accommodation to fix the door on unit #215 so it would not slam shut. On December 6, 2005, I met with Respondent's manager and explained my medical condition and need for accommodation.
3. Respondent refused to reasonably accommodate me by not responding to my letters and requests to adjust the door or modify it so it would be quieter when it closed.

I allege the following discriminatory actions: **Failure to Accommodate/Perceived Mental Disability**

1. I am mentally and physically disabled, thus I belong to a protected class.
2. On or about December 6, 2005, Respondent came to my unit accompanied by an emergency services senior mental health clinician to "evaluate" me for the sounds in my head.
3. Respondent refused to reasonably accommodate me and instead perceived me as mentally disabled person who was just hearing these sounds in my head.

     I WILL advise the Commission if I change my address or telephone number(s); and I will cooperate fully in the processing of my discrimination complaint.



EXHIBIT 1
K06-011

I SWEAR OR AFFIRM I have read the above complaint and it is true to the best of my knowledge, information and belief.

DATED at Anchorage, Alaska, this ___12___ day of January, 2006.

_____
James Polt, Complainant

SUBSCRIBED AND SWORN TO before me on this ___12th___ day of January, 2006.

_____
NOTARY PUBLIC in and for ALASKA
My Commission Expires:. Sept 17, 2007



Mayor Mark Begich

# Municipality of Anchorage

632 West 6th Avenue, Suite 110 • Telephone: (907) 343-4342 • Fax: (907) 343-4395 • TTY: (907) 343-4894
Mailing Address: P.O. Box 196650 • Anchorage, Alaska 99519-6650
http://www.muni.org

### Equal Rights Commission



James Polt
645 G Street, Ste 100 #765
Anchorage, Alaska 99501

Steve Jones, Esq.
Alaska Law Offices, Inc.
921 West Sixth Avenue, Suite 200
Anchorage, Alaska 99501

RE:   James Polt v. Anchorage Neighborhood Housing/Adelaide Apartments
      AERC Complaint No.:   K6-011

## REOPENING PROCEEDINGS

PURSUANT to Anchorage Municipal Code, Title 5, and the powers of the Commission delegated to the Executive Director, the above-captioned case is re-opened pursuant to A.M.C. 5.80.070 for the following reason.

Complainant has repudiated the settlement agreement entered in this case; Complainant has alleged the settlement agreement was obtained under coercion and duress; Complainant alleges the settlement is null and void. As a result of Complainant's allegations, in the interests of justice, this case is re-opened, the pre-determination settlement agreement drafted by the Anchorage Equal Rights Commission and signed by the parties is cancelled.

4/27/06
DATE

BARBARA A. JONES
EXECUTIVE DIRECTOR

G:\erc\Cases\Polt v ANHS Adelaide Apts\Reopen Case and Cancel PDS.doc

 

# Municipality of Anchorage

632 West 6th Avenue, Suite 110 • Telephone: (907) 343-4342 • Fax: (907) 343-4395 • TTY: (907) 343-4894
Mailing Address: P.O. Box 196650 • Anchorage, Alaska 99519-6650
http://www.muni.org

Mayor Mark Begich

### Equal Rights Commission

James Polt
645 G Street, Ste 100 #765
Anchorage, Alaska 99501

Steve Jones, Esq.
Alaska Law Offices Inc.
921 West Sixth Avenue, Suite 200
Anchorage, Alaska 99501

Re:   James Polt v. Anchorage Neighborhood Housing/Adelaide Apartments
      AERC Complaint No.:   K6-011

### CLOSURE

PURSUANT to Anchorage Municipal Code, Title 5, and the powers of the Commission delegated to the Executive Director, the above-captioned case is closed for the following reason:

This complaint is closed because Complainant has requested to withdraw his complaint pursuant to Anchorage Municipal Code section 5.40.060.

4/27/06
DATE

Barbara A. Jones
BARBARA A. JONES
EXECUTIVE DIRECTOR




## Municipality of Anchorage

632 West 6th Avenue, Suite 110 • Telephone: (907) 343-4342 • Fax: (907) 343-4395 • TTY: (907) 343-4894
Mailing Address: P.O. Box 196650 • Anchorage, Alaska 99519-6650
http://www.muni.org

*Mayor Mark Begich*

### Equal Rights Commission

James Polt
645 G Street, Ste 100 #765
Anchorage, Alaska 99501

Anchorage Neighborhood Housing
Adelaide Apartments
201 E 9th Avenue
Anchorage, Alaska 99501

**CANCELLED**

RE:  James Polt v. Anchorage Neighborhood Housing/Adelaide Apartments
     AERC Complaint No.:  K6-011

### PRE-DETERMINATION SETTLEMENT AGREEMENT

I.  **GENERAL PROVISIONS**

    A.  A complaint has been filed with the Anchorage Equal Rights Commission (hereafter "the Commission") by the above-named Complainant against the above-named Respondent, under the provisions of the Municipality of Anchorage equal rights law, A.M.C. 5.10.010 through 5.80.090.

    B.  The Commission has accepted the complaint for investigation; however, this settlement is reached prior to the conclusion of the investigation process. No determination has been made as to whether there is or is not substantial evidence supporting the allegations of discrimination.

    C.  It is agreed this agreement constitutes a total settlement of the issues between the parties in this case.

    D.  This agreement does not constitute an admission by the Respondent of any violation of the Municipality of Anchorage Equal Rights Law, or of the Americans with Disabilities Act (ADA) of 1990, as amended.

    E.  Likewise, this agreement does not constitute an admission by the Complainant that his claims as alleged in the discrimination complaint are without merit or are not supported by substantial evidence. Further, this agreement does not represent

CANCELLED

an admission or statement by any party regarding the requirements or remedies available under the Municipality of Anchorage equal rights law, of the Americans with Disabilities Act (ADA) of 1990, as amended.

F.  All parties agree that on request of any party, or on its own motion, the Commission may review any party's compliance with this agreement. As a part of such review, the Commission may require written reports concerning compliance, inspect premises, interview witnesses, and examine and copy documents. If either Respondent or Complainant do not comply with the terms of this agreement, fail to provide information requested by Commission staff showing compliance, or fail to allow review of compliance, inspection of premises, interview of witnesses or examination and copying of documents, any costs, including attorneys fees, incurred by the Commission in connection with seeking to review compliance or in connection with seeking enforcement before the Superior Court, shall be the legal responsibility of the party found by the Commission or the court to be in non-compliance with this agreement.

G.  The parties agree that the terms of this agreement are legally binding in the same manner and to the same extent as a Commission Order issued following a public hearing pursuant to Anchorage Municipal Code (A.M.C.) 5.70.140. This agreement shall be enforceable in any court of competent jurisdiction to the fullest extent provided by law.

II. THE COMMISSION

A.  All parties agree that the Commission shall close, and the Commission agrees to close the case and refrain from seeking other statutory remedies relating to the above-captioned complaint, subject to the parties' compliance with the terms of this agreement.

B.  The Commission will submit this agreement, if applicable, to the EEOC pursuant to the Commission's worksharing agreement with this agency.

III. COMPLAINANT

A.  The Complainant hereby waives all further administrative proceedings before the Commission on this matter, including a public hearing before the Commission.

B.  The Complainant hereby agrees not to sue Respondent pursuant to the Municipality of Anchorage equal rights law or other applicable civil rights laws with respect to any of the allegations in Complainant's discrimination complaint of January 12, 2006, subject to Respondent's compliance with this agreement.

C. Complainant releases and forever discharges the Respondent, its predecessors or successors in interest, assigns, agents, employees and all other persons liable, who might claim to be liable, individually and collectively, of and from all actions, causes of actions, suits under the Americans with Disabilities Act (ADA) of 1990, as amended, all other lawsuits, administrative proceedings, controversies, claims, damages, and demands of every kind and nature, arising out of the facts surrounding Complainant's discrimination complaint of January 12, 2006.

IV. RESPONDENT 

A. The Respondent hereby waives all further administrative proceedings before the Commission on this matter, including a public hearing before the Commission.

B. The Respondent acknowledges and agrees that this agreement shall not be interpreted to mean the Respondent is absolved from any duty or legal obligation to afford equal opportunities or affirmative action as may be required under other applicable laws and regulations.

C. Respondent affirms and agrees it will not discriminate against any person on the basis of race, color, sex, religion, national origin, marital status, age, or physical or mental disability. Respondent agrees and asserts its belief that discrimination based on race, color, sex, religion, national origin, marital status, age, physical or mental disability should not be a factor in housing and requests for reasonable accommodations.

D. Respondent agrees to post in a conspicuous location an Anchorage Equal Rights Commission informational poster, provided free of charge to Respondent.

E. Respondent agrees Complainant will not be penalized in any way or retaliated against because of the filing of this complaint of discrimination.

F. Respondent will maintain all documentation related to the Commission complaint and this settlement in a legal file apart from Respondent's rental files and no other reference to this matter is to be made in Complainant's rental file. The legal file may be cross-referenced in a neutral manner, for purposes of enforcing this agreement.

G. Nothing in this Agreement prohibits Respondent from requiring Complainant to comply with all of its policies, rules or regulations or from requiring Complainant to meet the standards outlined in a written rental agreement or lease agreement.

H. Respondent agrees to provide its housing managers and director of housing with training regarding discrimination in housing. Training is to be a minimum of two (2) hours and conducted by a recognized and/or qualified trainer or individual. Training shall cover reasonable accommodation requests. Respondent will contact

CANCELLED

the Commission by March 31, 2006, to provide a copy of the training agenda and provide the name and qualifications of the trainer to verify that the training meets the requirements of this Agreement. Training is to be completed by May 31, 2006. Respondent will provide a list of all persons who completed the training and a copy of any training material to the Commission by June 15, 2006.

I.  Respondent agrees to provide a current written policy addressing requests for reasonable accommodation. If no such exists, Respondent agrees to develop a policy addressing requests for reasonable accommodation requests subject to approval by the Commission by April 10, 2006 and will be implemented by May 10, 2006.

J.  Respondent agrees to place weather stripping on the entry door of apartment unit #215 in order to reduce noise when the door is being closed. Respondent agrees the amount of weather stripping or noise abatement material to be placed on unit #215's door will be equal to or exceed the amount currently on Complainant's entry door into unit #216. In addition, Respondent agrees to adjust the automatic closing arm on unit #215's door so that it provides the maximum amount of resistance while still allowing the door to close. Respondent agrees to place sound dampers on unit #215's cabinet doors to reduce the noise when cabinet doors are closed. Respondent agrees to provide Complainant a letter of apology regarding his experience with noise while residing at Respondent's complex. Respondent agrees to complete these items by April 10, 2006. Respondent shall notify the Commission by letter of the completion of these items by May 10, 2006.

V.  OPPORTUNITY TO REVIEW AND SIGN AS VOLUNTARY ACT

Respondent and Complainant, by their signatures hereto, acknowledge that each have had an adequate opportunity to review this Agreement, seek advice of independent counsel if they so desire, and are signing this Agreement of their own free will without any compulsion, duress or coercion.

I, James Polt, say that I am the Complainant named in this Agreement. I have read this Agreement and understand its contents. I have signed this Agreement freely and voluntarily.

3-16-2006                  James G. Polt
DATE                       James Polt, COMPLAINANT

**CANCELLED**

I, Michael Courtney, am the Director of Housing, of the Respondent named in this Agreement, I have read this Agreement and understand its contents. I have signed this Agreement freely and voluntarily.

4-7-06
DATE                Anchorage Neighborhood Housing, RESPONDENT

By: _Michael Courtney_
Its: _Director of Housing_


FOR THE ANCHORAGE EQUAL RIGHTS COMMISSION:

4/10/06    _Barbara A. Jones_
DATE        BARBARA A. JONES
            EXECUTIVE DIRECTOR
            ANCHORAGE EQUAL RIGHTS COMMISSION



*Mayor Mark Begich*

# Municipality of Anchorage

632 West 6th Avenue, Suite 110 • Telephone: (907) 343-4342 • Fax: (907) 343-4395 • TTY: (907) 343-4894
Mailing Address: P.O. Box 196650 • Anchorage, Alaska 99519-6650
http://www.muni.org



### Equal Rights Commission

James Polt
645 G Street, Ste 100 #765
Anchorage, Alaska 99501

Anchorage Neighborhood Housing
Adelaide Apartments
201 E 9th Avenue
Anchorage, Alaska 99501

RE:  James Polt v. Anchorage Neighborhood Housing/Adelaide Apartments
　　　AERC Complaint No.:　K6-011

### PRE-DETERMINATION SETTLEMENT AGREEMENT

I.　**GENERAL PROVISIONS**

    A.　A complaint has been filed with the Anchorage Equal Rights Commission (hereafter "the Commission") by the above-named Complainant against the above-named Respondent, under the provisions of the Municipality of Anchorage equal rights law, A.M.C. 5.10.010 through 5.80.090.

    B.　The Commission has accepted the complaint for investigation; however, this settlement is reached prior to the conclusion of the investigation process. No determination has been made as to whether there is or is not substantial evidence supporting the allegations of discrimination.

    C.　It is agreed this agreement constitutes a total settlement of the issues between the parties in this case.

    D.　This agreement does not constitute an admission by the Respondent of any violation of the Municipality of Anchorage Equal Rights Law, or of the Americans with Disabilities Act (ADA) of 1990, as amended.

    E.　Likewise, this agreement doent does not constitute an admission by the Complainant that his claims as alleged in the discrimination complaint are without merit or are not supported by substantial evidence. Further, this agreement does not represent

an admission or statement by any party regarding the requirements or remedies available under the Municipality of Anchorage equal rights law, of the Americans with Disabilities Act (ADA) of 1990, as amended.

F. All parties agree that on request of any party, or on its own motion, the Commission may review any party's compliance with this agreement. As a part of such review, the Commission may require written reports concerning compliance, inspect premises, interview witnesses, and examine and copy documents. If either Respondent or Complainant do not comply with the terms of this agreement, fail to provide information requested by Commission staff showing compliance, or fail to allow review of compliance, inspection of premises, interview of witnesses or examination and copying of documents, any costs, including attorneys fees, incurred by the Commission in connection with seeking to review compliance or in connection with seeking enforcement before the Superior Court, shall be the legal responsibility of the party found by the Commission or the court to be in non-compliance with this agreement.

G. The parties agree that the terms of this agreement are legally binding in the same manner and to the same extent as a Commission Order issued following a public hearing pursuant to Anchorage Municipal Code (A.M.C.) 5.70.140. This agreement shall be enforceable in any court of competent jurisdiction to the fullest extent provided by law.

II. THE COMMISSION

A. All parties agree that the Commission shall close, and the Commission agrees to close the case and refrain from seeking other statutory remedies relating to the above-captioned complaint, subject to the parties' compliance with the terms of this agreement.

B. The Commission will submit this agreement, if applicable, to the EEOC pursuant to the Commission's worksharing agreement with this agency.

III. COMPLAINANT

A. The Complainant hereby waives all further administrative proceedings before the Commission on this matter, including a public hearing before the Commission.

B. The Complainant hereby agrees not to sue Respondent pursuant to the Municipality of Anchorage equal rights law or other applicable civil rights laws with respect to any of the allegations in Complainant's discrimination complaint of January 12, 2006, subject to Respondent's compliance with this agreement.

C.  Complainant releases and forever discharges the Respondent, its predecessors or successors in interest, assigns, agents, employees and all other persons liable, who might claim to be liable, individually and collectively, of and from all actions, causes of actions, suits under the Americans with Disabilities Act (ADA) of 1990, as amended, all other lawsuits, administrative proceedings, controversies, claims, damages, and demands of every kind and nature, arising out of the facts surrounding Complainant's discrimination complaint of January 12, 2006.

IV. RESPONDENT

A.  The Respondent hereby waives all further administrative proceedings before the Commission on this matter, including a public hearing before the Commission.

B.  The Respondent acknowledges and agrees that this agreement shall not be interpreted to mean the Respondent is absolved from any duty or legal obligation to afford equal opportunities or affirmative action as may be required under other applicable laws and regulations.

C.  Respondent affirms and agrees it will not discriminate against any person on the basis of race, color, sex, religion, national origin, marital status, age, or physical or mental disability. Respondent agrees and asserts its belief that discrimination based on race, color, sex, religion, national origin, marital status, age, physical or mental disability should not be a factor in housing and requests for reasonable accommodations.

D.  Respondent agrees to post in a conspicuous location an Anchorage Equal Rights Commission informational poster, provided free of charge to Respondent.

E.  Respondent agrees Complainant will not be penalized in any way or retaliated against because of the filing of this complaint of discrimination.

F.  Respondent will maintain all documentation related to the Commission complaint and this settlement in a legal file apart from Respondent's rental files and no other reference to this matter is to be made in Complainant's rental file. The legal file may be cross-referenced in a neutral manner, for purposes of enforcing this agreement.

G.  Nothing in this Agreement prohibits Respondent from requiring Complainant to comply with all of its policies, rules or regulations or from requiring Complainant to meet the standards outlined in a written rental agreement or lease agreement.

H.  Respondent agrees to provide its housing managers and director of housing with training regarding discrimination in housing. Training is to be a minimum of two (2) hours and conducted by a recognized and/or qualified trainer or individual. Training shall cover reasonable accommodation requests. Respondent will contact

the Commission by March 31, 2006, to provide a copy of the training agenda and provide the name and qualifications of the trainer to verify that the training meets the requirements of this Agreement. Training is to be completed by May 31, 2006. Respondent will provide a list of all persons who completed the training and a copy of any training material to the Commission by June 15, 2006.

I.   Respondent agrees to provide a current written policy addressing requests for reasonable accommodation. If no such exists, Respondent agrees to develop a policy addressing requests for reasonable accommodation requests subject to approval by the Commission by April 10, 2006 and will be implemented by May 10, 2006.

J.   Respondent agrees to place weather stripping on the entry door of apartment unit #215 in order to reduce noise when the door is being closed. Respondent agrees the amount of weather stripping or noise abatement material to be placed on unit #215's door will be equal to or exceed the amount currently on Complainant's entry door into unit #216. In addition, Respondent agrees to adjust the automatic closing arm on unit #215's door so that it provides the maximum amount of resistance while still allowing the door to close. Respondent agrees to place sound dampers on unit #215's cabinet doors to reduce the noise when cabinet doors are closed. Respondent agrees to provide Complainant a letter of apology regarding his experience with noise while residing at Respondent's complex. Respondent agrees to complete these items by April 10, 2006. Respondent shall notify the Commission by letter of the completion of these items by May 10, 2006.

V. **OPPORTUNITY TO REVIEW AND SIGN AS VOLUNTARY ACT**

Respondent and Complainant, by their signatures hereto, acknowledge that each have had an adequate opportunity to review this Agreement, seek advice of independent counsel if they so desire, and are signing this Agreement of their own free will without any compulsion, duress or coercion.

I, James Polt, say that I am the Complainant named in this Agreement. I have read this Agreement and understand its contents. I have signed this Agreement freely and voluntarily.

3-16-2006
DATE            James Polt, COMPLAINANT

I, Michael Courtney, am the Director of Housing, of the Respondent named in this Agreement, I have read this Agreement and understand its contents. I have signed this Agreement freely and voluntarily.

4-7-06
DATE            Anchorage Neighborhood Housing, RESPONDENT

By: Michael Courtney
Its: Director of Housing

FOR THE ANCHORAGE EQUAL RIGHTS COMMISSION:

4/10/06         Barbara A. Jones
DATE            BARBARA A. JONES
                EXECUTIVE DIRECTOR
                ANCHORAGE EQUAL RIGHTS COMMISSION

G:\ero\Cases\Polk v ANHS Adelaide Apts\PDS Agreement.doc
Page 5




# Municipality of Anchorage

632 West 6th Avenue, Suite 110 • Telephone: (907) 343-4342 • Fax: (907) 343-4395 • TTY: (907) 343-4894
Mailing Address: P.O. Box 196650 • Anchorage, Alaska 99519-6650
http://www.muni.org

*Mayor Mark Begich*

### Equal Rights Commission

James Polt
645 G Street, Ste 100 #765
Anchorage, Alaska 99501

Steve Jones, Esq.
Alaska Law Offices, Inc.
921 West Sixth Avenue, Suite 200
Anchorage, Alaska 99501

RE:   James Polt v. Anchorage Neighborhood Housing/Adelaide Apartments
      AERC Complaint No.:   K6-011

### CERTIFICATE OF SERVICE

I, Yvonne Gutierrez, certify that a copy of the Closure; the Pre-Determination Settlement and the Certificate of Service were served today on the following:

James Polt
645 G Street, Ste 100 #765
Anchorage, Alaska 99501

Steve Jones, Esq.
Alaska Law Offices, Inc.
921 West Sixth Avenue, Suite 200
Anchorage, Alaska 99501

Dated at Anchorage, Alaska, this 10th day of April 2006

Yvonne Gutierrez
Administrative Assistant