## Rule 40. Assignment of Cases for Trial

The district courts shall provide by rule for the placing of actions upon the trial calendar (1) without request of the parties or (2) upon request of a party and notice to the other parties or (3) in such other manner as the courts deem expedient. Precedence shall be given to actions entitled thereto by any statute of the United States.

### ADVISORY COMMITTEE NOTES

### 1937 Adoption

[text obscured by scan artifact]

## Rule 41. Dismissal of Actions

**(a) Voluntary Dismissal: Effect Thereof.**

**(1) By Plaintiff; by Stipulation.** Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. [remainder obscured]

[large black band obscures middle of page]

**Dismissal of Counterclaim, Cross-Claim, or Third-Party Claim.** The provisions of this rule apply to the dismissal of any counterclaim, cross-claim, or third-party claim. A voluntary dismissal by the claimant pursuant to paragraph (1) of subdivision (a) of this rule shall be made before a responsive pleading is served or, if there is none, before the introduction of evidence at the trial or hearing.

**Costs of Previously-Dismissed Action.** If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order.

### ADVISORY COMMITTEE NOTES

### 1937 Adoption

Subdivision (a). Compare Ill.Rev.Stat. (1937) c. 110, §§ 70, 176, and English Rules Under the Judicature Act (The Annual Practice, 1937) O. 26.

[rest obscured / partial text about Deposit Insurance Corp. v. Mason, Schad v. Twentieth Century-Fox Film Corp., Bach v. Friden Calculating Machine Co., etc.]

### 1946 Amendment

**Note. Subdivision (a).** The insertion of the reference to Rule 66 correlates Rule 41(a)(1) with the express provision concerning dismissal set forth in amended Rule 66 of these rules.

The change in Rule 41(a)(1)(i) gives the service of a motion for summary judgment by the adverse party the same effect in preventing unlimited dismissal as was originally given only to the service of an answer. The omission of reference to a motion for summary judgment in the original rule was subject to criticism. 3 Moore's Federal Practice, 1938, 3037–3038, n. 12. A motion for summary judgment may be forthcoming prior to answer, and if well taken will eliminate the necessity for an answer. Since such a motion may require even more research and preparation than the answer itself, there is good reason why the service of the motion, like that of the answer, should prevent a voluntary dismissal by the adversary without court approval.

The word "generally" has been stricken from Rule 41(a)(1)(ii) in order to avoid confusion and to conform with the elimination of the necessity for special appearance by original Rule 12(b).

**Subdivision (b).** In some cases tried without a jury, where at the close of plaintiff's evidence the defendant moves for dismissal under Rule 41(b) on the ground that plaintiff's evidence is insufficient for recovery, the plaintiff's own evidence may be conflicting or present questions of credibility. In ruling on the defendant's motion, questions arise as to the function of the judge in evaluating the testimony and whether findings should be made if the motion is sustained. Three circuits hold that as the judge is the trier of the facts in such situations his function is not the same as on a motion for a directed verdict, where the jury is the trier of the facts, and that the judge in deciding such a motion in a non-jury case may pass on conflicts of evidence and credibility, and if he performs that function of evaluating the testimony and grants the motion on the merits, findings are required. Young v. United States, C.C.A.9, 1940, 111 F.2d 823; Gary Theatre Co. v. Columbia Pictures Corporation, C.C.A.7, 1941, 120 F.2d 891; Bach v. Friden Calculating Machine Co., a Corporation, C.C.A.6, 1945, 148 F.2d 407. Cf. Mateas v. Fred Harvey, a Corporation, C.C.A.9, 1945, 146 F.2d 989. The Third Circuit has held that on such a motion the function of the court is the same as on a motion to direct in a jury case, and that the court should only decide whether there is evidence which would support a judgment for the plaintiff, and therefore, findings are not required by Rule 52. Federal Deposit Insurance Corp. v. Mason, C.C.A.3, 1940, 115 F.2d 548; Schad v. Twentieth Century-Fox Film Corp., C.C.A.3, 1943, 136 F.2d 991. The added sentence in Rule 41(b) incorporates the view of the Sixth, Seventh and Ninth Circuits. See also 3 Moore's Federal Practice, [continues]

DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT ANCHORAGE

JAMES A. POLT )
        Plaintiff, )
VS. )
 )
ALASKA MUTUAL HOUSING ASSOCIATION )
        Defendant. )
 )   Case No. 3AN-05 13613 CI

## COMPLAINT

The Plaintiff, JAMES ANDREW POLT. (645 G. STREET STE. 100. # 765.)(ANCHORAGE, AK. 99501.) Seeks an award of an unspecified amount of money, for severe injuries sustained on Defendants property, "the ADELAIDE APARTMENTS" (located at 201 E. 9th Avenue. Anchorage, Alaska- 99501) Due to the Defendants failure to enforce provisions in A.S 34.03.120.

_____
JAMES A. POLT

I hereby certify that on 12-62-05 I Delivered by Certified Mail a True and Correct Copy of the foregoing Document to: ALASKA MUTUAL HOUSING ASSOCIATION 480 W. TUDOR Road Anchorage. Alaska 99503
_____
JAMES A. POLT

Pg. 4 of 17

POLT VS. ALASKA MUTUAL HOUSING ASSOCIATION 3AN 05-13613 CI

faith sale to a bona fide purchaser is relieved of liability under the rental agreement and this chapter as to events occurring subsequent to written notice to the tenant of the conveyance. However,

(1) the landlord remains liable to the tenant for the property and money to which the tenant is entitled under AS 34.03.070, unless the property and money are specifically assigned to and accepted by the purchaser; and

(2) the provisions of

(A) a premises condition statement prepared under AS 34.03.020(e) between the landlord and the tenant remains valid as between the purchaser and the tenant until a new premises condition statement is entered into between the purchaser and the tenant; and

(B) a contents inventory prepared under AS 34.03.020(e) between the landlord and the tenant remains valid as between the purchaser and the tenant for the contents remaining on the premises after the conveyance of the premises until a new contents inventory is entered into between the purchaser and the tenant.

(b) Unless otherwise agreed, a manager of premises that include a dwelling unit is relieved of liability under the rental agreement and this chapter as to events occurring after written notice to the tenant of the termination of the person's management. (§ 1 ch 10 SLA 1974; am § 19 ch 121 SLA 1994)

### NOTES TO DECISIONS

**Apartment owner who sold the premises and took a second mortgage** on them was the "landlord" and liable for tenants' security deposits, even though he never received them from the purchaser, where he had failed to "terminate" the tenancies of the tenants by giving them notice of his nonjudicial foreclosure. Alaska Teamster-Employer Pension Trust v. Wise, 120 Bankr. 537 (Bankr. D. Alaska 1990).

Sec. 34.03.115. [Renumbered as AS 34.05.025.]

## Article 4. Tenant Obligations.

Section
120. Tenant obligations
130. Rules and regulations

Section
140. Access
150. Tenant to use and occupy

**Sec. 34.03.120. Tenant obligations.** (a) The tenant

(1) shall keep that part of the premises occupied and used by the tenant as clean and safe as the condition of the premises permit;

(2) shall dispose all ashes, rubbish, garbage, and other waste from the dwelling unit in a clean and safe manner;

(3) shall keep all plumbing fixtures in the dwelling unit or used by the tenant as clean as their condition permits;

(4) shall use in a reasonable manner all electrical, plumbing, sanitary, heating, ventilating, air-conditioning, kitchen, and other facilities and appliances including elevators in the premises;

(5) may not deliberately or negligently destroy, deface, damage, impair, or remove a part of the premises or knowingly permit any person to do so;

(6) may not unreasonably disturb, or permit others on the premises with the tenant's consent to unreasonably disturb, a neighbor's peaceful enjoyment of the premises;

(7) **[See delayed amendment note.]** shall maintain smoke detection devices and carbon monoxide detection devices as required under AS 18.70.095;

(8) may not, except in an emergency when the landlord cannot be contacted after reasonable effort to do so, change the locks on doors of the premises without first securing the written agreement of the landlord and, immediately after changing the locks, providing the landlord a set of keys to all doors for which locks have been changed; in an



For disposition of individual charges, go to Parties tab, click on defendant's name and go to Charges tab.

## Case Disposition Listing

3AN-05-13613CI Polt, James A vs. Alaska Mutual Housing Association

**Disposition(s):**

| Status | Status Date | Disposition Code | Disposition |
|---|---|---|---|
| Closed | 12/02/2005 | Dismissed by Plaintiff | 03/06/2006 |

Pg. 6 of 17



# Alaska Trial Court Cases

Home | CourtView Search | Name Index (Old System) | Pay Ticket Online    CourtView Help

webmaster@courts.st...

Dockets include limited information about filings and hearings that occurred before CourtView was installed in the court.

A maximum of 100 dockets will display at one time. Select the "descending" sort option to view the last 100 dockets entered. Select the "ascending" sort option to view the first 100 dockets entered. To see more dockets, adjust the date range of your search.

New S

| Summary | Parties | Events | **Dockets** | Disposition | Costs |

## Docket Search

3AN-05-13613CI Polt, James A vs. Alaska Mutual Housing Association

**Search Criteria**

**Docket Desc.**   ALL

**Begin Date**                            Sort

**End Date**                              ○ Ascending
                                          ⊙ Descending

Search

**Search Results**    23 Docket(s) found matching search criteria.

| Docket Date | Docket Text | Amount | Amount Due | Images |
|---|---|---|---|---|
| 04/06/2006 | Hearing Result: The following event: Trial Call: District Court Civil scheduled for 05/22/2006 at 8:30 am has been resulted as follows: Result: Hearing Vacated Judge: Rhoades, Stephanie L Location: Courtroom 204, Anchorage Courthouse | 0.00 | 0.00 | |
| 03/06/2006 | Dismissed by Plaintiff Alaska Mutual Housing Association (Defendant); | 0.00 | 0.00 | |
| 03/06/2006 | Motion Deemed Moot Polt, James A | 0.00 | 0.00 | |
| 03/06/2006 | Order Granting Motion to Dismiss Case Motion #2: Dispositive Motion | 0.00 | 0.00 | |
| 03/03/2006 | Non-opposition to Pltf Mtn to Dismiss Attorney: Jones, Steven L (9311102) Alaska Mutual Housing Association | 0.00 | 0.00 | |

Pg. 7 of 17

|  |  | | |
|---|---|---|---|
|  | (Defendant); Case Motion #2: Dispositive Motion |  |  |
| 02/27/2006 | Motion to Dismiss Attorney: Pro per (0100001) James A Polt (Plaintiff); Case Motion #2 | 0.00 | 0.00 |
| 02/14/2006 | Hearing Summary The following event: Pre-Trial Conference: District Court Civil scheduled for 02/13/2006 at 8:30 am has been resulted as follows: Result: Hearing Continued Events Added: Trial Call: District Court Civil has been scheduled with Rhoades, Stephanie L on 05/22/2006 from 8:30 am to 9:55 am Event Notes: Check In: Judge: Rhoades, Stephanie L Location: Courtroom 204, Anchorage Courthouse Staff: Prosecutors: Parties: | 0.00 | 0.00 |
| 02/14/2006 | Hearing Set Event: Trial Call: District Court Civil Date: 05/22/2006 Time: 8:30 am Judge: Rhoades, Stephanie L Location: Courtroom 204, Anchorage Courthouse | 0.00 | 0.00 |
| 02/14/2006 | Hearing Result: The following event: Pre-Trial Conference: District Court Civil scheduled for 02/13/2006 at 8:30 am has been resulted as follows: Result: Hearing Continued | 0.00 | 0.00 |
| 12/23/2005 | Hearing Set Event: Pre-Trial Conference: District Court Civil Date: 02/13/2006 Time: 8:30 am Judge: Rhoades, Stephanie L Location: Courtroom 204, Anchorage Courthouse Result: Hearing Continued | 0.00 | 0.00 |
| 12/19/2005 | Answer Attorney: Jones, Steven L (9311102) Alaska Mutual Housing Association (Defendant); | 0.00 | 0.00 |
| 12/19/2005 | Entry of Appearance Attorney: Jones, Steven L (9311102) Alaska Mutual Housing Association (Defendant); | 0.00 | 0.00 |
| 12/13/2005 | Letter Filed James A Polt (Plaintiff); | 0.00 | 0.00 |
| 12/12/2005 | Case Correspondence -lacks original signature c/s 12-14-05 Attorney: Pro per (0100001) James A Polt (Plaintiff); | 0.00 | 0.00 |
| 12/12/2005 | Memorandum - lacks original signature c/s 12-14-05 Attorney: Pro per (0100001) James A Polt (Plaintiff); | 0.00 | 0.00 |
| 12/09/2005 | Addition to Memornadum Dated 12-6-05 / lacks original signature c/s 12-14-05 Attorney: Pro per (0100001) James A Polt (Plaintiff); | 0.00 | 0.00 |



Pg. 8 of 17

| Date | Description | | |
|---|---|---|---|
| 12/08/2005 | Civil Rule 4(f) Affidavit James A Polt (Plaintiff); Alaska Mutual Housing Association (Defendant); | 0.00 | 0.00 |
| 12/07/2005 | Miscellaneous - Friend of the Court Plea for Fairness - lacks original signature, service c/ s 12-8-05 Attorney: Pro per (0100001) James A Polt (Plaintiff); | 0.00 | 0.00 |
| 12/06/2005 | Uncategorized Motion "Addendum to Basis of Claim" and to Rule on "Nuisance" Provisions of Alaska statutes - Signature appears to be a copy, lacks proposed order c/s 12-7-05 Attorney: Pro per (0100001) James A Polt (Plaintiff); Case Motion #1 | 0.00 | 0.00 |
| 12/05/2005 | Basis of Claim with Supporting Notes - Unsigned c/s 12-7-05 Attorney: Pro per (0100001) James A Polt (Plaintiff); | 0.00 | 0.00 |
| 12/02/2005 | Case flagged for Civil Rule 4(j) tracking (3AN) Alaska Mutual Housing Association (Defendant); | 0.00 | 0.00 |
| 12/02/2005 | Summons Issued | 0.00 | 0.00 |
| 12/02/2005 | Complaint for Personal Injury Other - District Ct Receipt: 131480 Date: 12/02/2005 | 90.00 | 0.00 |

## ANCHORAGE EQUAL RIGHTS COMMISSION
### DISCRIMINATION COMPLAINT

Complaint Number: K6-011                      Filing Date: 1/12/2006

NAME: James Polt                      Phone: N/A

Mailing Address: 645 G Street, Ste. 100, # 765     City, State: Anchorage, Alaska     Zip: 99501

***

I ALLEGE THAT THE FOLLOWING NAMED: Rental Property

NAME: Anchorage Neighborhood Housing/Adelaide Apartments     Phone: (907) 258-9017

Mailing Address: 201 E 9th Ave.     City, State: Anchorage, Alaska     Zip: 99501

***

If this is an employment complaint, does this employer have more than fifteen (15) employees? ☐ Yes ☐ No ☒ N/A

DISCRIMINATED AGAINST ME ON THE BASIS OF MY:

☐ Race ☐ Religion ☐ Sex ☐ Color ☐ National Origin ☒ Physical disability ☒ Mental disability ☐ Age ☐ Marital Status ☒ Other

DATE OF MOST RECENT OR CONTINUING DISCRIMINATION: 12/15/2005

STATEMENT OF DISCRIMINATION:

I allege I have been discriminated against in violation of the following statutes prohibiting unlawful practices in the sale or rental of real property: Anchorage Municipal Code §5.20.020.

I moved into Respondent's apartment complex on or about May 10, 2005. Shortly after occupying the unit I noticed loud noises which were coming from the door of unit 215 slamming. I suffer from a disorder called hyperacusis which is a collapsed tolerance to normal environmental sounds, the sound of a slamming door is unbearable to me. I verbally complained to Respondent's manager about the door slamming. I wrote several letters complaining and asking for Respondent to fix the door and talk to the person occupying unit 215. My complaints were not answered and the person was not talked with. Respondent perceived me as hearing sounds in my head which resulted in a mobile emergency mental health clinician coming to my unit and placing me in fear of being committed against my will.

I allege the following discriminatory actions: **Failure to Accommodate/Physical Mental Disability**

1. I am mentally and physically disabled, thus I belong to a protected class.
2. On or about November 2, 4, and 8, and December 15, 2005, I wrote letters to Respondent and complained about door noise and requested that Respondent provide a reasonable accommodation to fix the door on unit #215 so it would not slam shut. On December 6, 2005, I met with Respondent's manager and explained my medical condition and need for accommodation.
3. Respondent refused to reasonably accommodate me by not responding to my letters and requests to adjust the door or modify it so it would be quieter when it closed.

I allege the following discriminatory actions: **Failure to Accommodate/Perceived Mental Disability**

1. I am mentally and physically disabled, thus I belong to a protected class.
2. On or about December 6, 2005, Respondent came to my unit accompanied by an emergency services senior mental health clinician to "evaluate" me for the sounds in my head.
3. Respondent refused to reasonably accommodate me and instead perceived me as mentally disabled person who was just hearing these sounds in my head.

     I WILL advise the Commission if I change my address or telephone number(s); and I will cooperate fully in the processing of my discrimination complaint.

Pg. 10 of 17

James Andrew Polt
(Name)
645 G. Street Ste. 100 #765
Anchorage, Alaska. 99501
(mailing address)
000-000-0000
(Phone)

PRO PER Plaintiff

RECEIVED
JUN 1 2 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ALASKA

JAMES ANDREW POLT,
(Full Name of Plaintiff in this action)

Plaintiff,

vs.

ANCHORAGE NEIGHBORHOOD HOUSING SERVICES, INC.,
(Full Name of Defendant in this action)

Defendant.

Case No. 3:06-CV-00119 TMB

(AMENDED)
COMPLAINT UNDER
THE CIVIL RIGHTS ACT
42 U.S.C. § 3604

A. Jurisdiction

Jurisdiction is invoked under 28 U.S.C. § 1343(A)(4) and 42 U.S.C § 3604. Jurisdiction is also asserted under 28 U.S.C. § 1343. Note. 50, (PRO'SE Complaints).

Pg. 10½ of 17

Page 1 of 9 AB

ANCHORAGE LAW LIBRARY

## 42 § 3603
### Note 10

**10. —— Blockbusting, single-family homeowner exemption**

Where defendant was charged solely with "blockbusting representations", under § 3604 of this title prohibiting inducing or attempting to induce, for profit, any person to sell or rent any dwelling by representations regarding entry or prospective entry into neighborhood of person or persons of particular race or color, subsec. (b)(1) of this section exempting certain sales of single-family houses from coverage under § 3604 of this title was not applicable. U.S. v. Mitchell, N.D.Ga. 1971, 327 F.Supp. 476. Civil Rights ⇐ 131

**11. Four or less family residence exemption**

Exemption under subsec. (b)(2) of this section of rooms or units in dwellings containing living quarters occupied or intended to be occupied by no more than four families living independently of each other where owner actually maintains and occupies one of such living quarters as his residence is inapplicable, in action based on § 1982 of this title declaring that all United States citizens have right as enjoyed by white citizens to inherit, purchase, lease, sell, hold and convey real and personal property. Cizek, C.A.7 (Ill.) 1974, 503 F.2d Civil Rights ⇐ 131

In view of subsec. (b)(2) of this section exempting rooms or units, in dwellings containing living quarters occupied or intended to be occupied by no more than four families if owner occupies one such living quarters as his residence, from operation of § 3604 of this title governing discrimination in sale or rental of housing, potential tenants' claim, under § 3604 of this title governing rental for alleged act of racial discrimination, arising out of refusal of owner of two-family home to lease an apartment to their home on terms demanded by potential tenants, failed. Fred v. Kokinda, E.D.N.Y.1972, 347 F.Supp. 942. Civil Rights ⇐ 131

## PUBLIC HEALTH AND WELFARE

## § 3604. Discrimination in the sale or rental of housing and other prohibited practices

As made applicable by section 3603 of this title and except as exempted by sections 3603(b) and 3607 of this title, it shall be unlawful—

**(a)** To refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin.

**(b)** To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin.

**(c)** To make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on race, color, religion, handicap, familial status, or national origin, or an intention to make any such preference, limitation, or discrimination.

**(d)** To represent to any person because of race, color, religion, sex, handicap, familial status, or national origin that any

## FAIR HOUSING    42 § 3604

dwelling is not available for inspection, sale, or rental when such dwelling is in fact so available.

**(e)** For profit, to induce or attempt to induce any person to sell or rent any dwelling by representations regarding the entry or prospective entry into the neighborhood of a person or persons of a particular race, color, religion, sex, handicap, familial status, or national origin.

**(f)(1)** To discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of—

(A) that buyer or renter;[1]

(B) a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available; or

(C) any person associated with that buyer or renter.

**(2)** To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of—

(A) that person; or

(B) a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available; or

(C) any person associated with that person.

**(3)** For purposes of this subsection, discrimination includes—

(A) a refusal to permit, at the expense of the handicapped person, reasonable modifications of existing premises occupied or to be occupied by such person if such modifications may be necessary to afford such person full enjoyment of the premises except that, in the case of a rental, the landlord may where it is reasonable to do so condition permission for a modification on the renter agreeing to restore the interior of the premises to the condition that existed before the modification, reasonable wear and tear excepted;[2]

(B) a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling; or

(C) in connection with the design and construction of covered multifamily dwellings for first occupancy after the date that is 30 months after September 13, 1988, a failure to design and construct those dwellings in such a manner that—

Pg. 11 of 17

ANCHORAGE LAW LIBRARY

42 § 3604   PUBLIC HEALTH AND WELFARE   42 § 3604
FAIR HOUSING

I. GENERALLY
*Subdivision Index*

Reasonable accommodation, handicap discrimination, prohibited practices within section 165
Recording of deeds, notices, statements, or advertisements, prohibited practices within section 141
Redlining, refusal to sell or rent, prohibited practices within section 109
Redlining, terms, conditions, or privileges, prohibited practices within section 128
Referendums, refusal to sell or rent, prohibited practices within section 110
Refusal to sell or rent, prohibited practices within section 92-117
  Generally 92
  Adults-only policy 96
  Appraisals 97
  Bona fide victims
  Citizenship requirements 95
  Compatibility requirements 98
  Construction of public housing 99
  Demolition of housing 100
  Eviction 102
  Financing 103
  Good faith 94
  Inaction by management 104
  Intent or motive 93
  Miscellaneous refusals 117
  Negotiations 105
  Otherwise make unavailable 116
  Permit issuance 106
  Police protection 107
  Processing housing assistance payment contracts 108
  Redlining 109
  Referendums 110
  Repair of buildings 111
  Residency requirements 112
  Steering 113
  Tenant selection and assignment plans 114
  Zoning 115
Religious discrimination 25
Repair of buildings, refusal to sell or rent, prohibited practices within section 111
Repair of buildings, terms, conditions, or privileges, prohibited practices within section 130
Representations, inducing sale or rental for profit, prohibited practices within section 156
Residency preferences, prima facie case 53
Residency requirements, government action or inaction, prohibited practices within section 193

Residency requirements, refusal to sell or rent, prohibited practices within section 112
Residential fees, handicap discrimination, prohibited practices within section 176
Respondeat superior, persons liable
Restrictive covenants, handicap discrimination, prohibited practices within section 177
Restrictive covenants, notices, statements, or advertisements, prohibited practices within section 142
Retroactive effect, handicap discrimination, prohibited practices within section 159
Reverse redlining, terms, conditions, or privileges, prohibited practices within section 129
Rule, policy, or practice, handicap discrimination, prohibited practices within section 163
Services or facilities, terms, conditions, or privileges, prohibited practices within section 131
Sewer extension, government action or inaction, prohibited practices within section 194
Sex discrimination 26, 27
  Generally 26
  Sexual harassment 27
Sex discrimination, terms, conditions, privileges, prohibited practices within section 124
Sexual harassment, sex discrimination 27
Single or multiple causes 16
Site selection of homeless shelters, government action or inaction within section 195
Sovereign immunity 9
Spouses, persons liable 40
State regulation or control 8
Statements, weight and sufficiency of evidence 59
Statistical evidence, admissibility of evidence 57
Statistical evidence, weight and sufficiency of evidence 60
Steering, refusal to sell or rent, prohibited practices within section 113
Steering, terms, conditions, or privileges, prohibited practices within section 208
Supervision regulations, handicap discrimination, prohibited practices within section 178
Tenant selection and assignment, availability for inspection, sale, or rental, prohibited practices within 148

Transfer of cooperative shares, prohibited practices within section 209
Violence, prohibited practices within section 210, 211
  Generally 210
  Firebombing 211
Waiting lists, prohibited practices within section 212
Waiver 62
Weight and sufficiency of evidence 58-60
  Generally 58
  Statements 59
  Statistical evidence 60
White flight, defenses 49
White models, notices, statements, or advertisements, prohibited practices within section 143
White persons, terms, conditions, or privileges, prohibited practices within section 122
Zoning generally, government action or inaction, prohibited practices within section 196
Zoning ordinances, handicap discrimination, prohibited practices within section 179
Zoning, refusal to sell or rent, prohibited practices within section 115

Construction with other laws 6, 7
  Generally 6
  Title VII of Civil Rights Act of 1964 7
Corporations, persons liable 36
Customer preference, defenses 45
Defenses 42-50
  Generally 42
  Business necessity 43
  Consent 44
  Customer preference 45
  Discomfort in renting to minorities 46
  Good faith 47
  Miscellaneous defenses 50
  Tipping 48
  White flight 49
Discomfort in renting to minorities, defenses 46
Disparate impact generally 13
Facially neutral standards 15
Facts of each case as controlling 28
Familial status discrimination 19-21
  Generally 19
  Adults-only rental policy 21
  Intent or motive 20
Good faith, defenses 47

ANCHORAGE LAW LIBRARY

42 § 3604     PUBLIC HEALTH AND WELFARE

Government action or inaction, prohibited practices within section—Cont'd
  Participation in federally-funded programs 191
  Processing application for financing construction 192
  Residency requirements 193
  Sewer extension 194
  Site selection of homeless shelters 195
  Zoning generally 196
Handicap discrimination, prohibited practices within section 158–181
  Generally 158
  Adaptive design 167
  Assumption of leases 168
  Definition of handicap 160
  Disparate impact 161
  Dispersal requirements 169
  Elevator maintenance policy 170
  Eviction notices 171
  Financing purchase of home by non-handicapped 172
  Independent living ability requirement 173
  Intent or motive 162
  Least discriminatory method available 164
  Miscellaneous discrimination 181
  Necessary accommodation 166
  Notification of neighbor requirements 174
  Parking 175
  *Reasonable accommodation 165*
  Residential fees 176
  Restrictive covenants 177
  Retroactive effect 159
  Rule, policy, or practice 163
  Supervision regulations 178
  Threats to health and safety 180
  Zoning ordinances 179
Handicapped discrimination, constitutionality 4
Highways, government action or inaction, prohibited practices within section 188
Inaction by management, refusal to sell or rent, prohibited practices within section 104
Income requirements, prohibited practices within section 204
Income requirements, terms, conditions, or privileges, prohibited practices within section 126
Independent contractors, persons liable 34
Independent living ability requirement,

Inducing sale or rental for profit, prohibited practices within section 3
Inducing sale or rental for profit, prohibited practices within section
  Generally 150
  Commercial nature of speech
  Commercial use of property
  Good faith 153
  Intent or motive 154
  Miscellaneous inducements
  Profit 155
  Representations 156
Informing vendor of nondiscrimination laws, prohibited practices within section 203
Instructions 61
Intent or motive, familial status discrimination 20
Intent or motive generally 12
Intent or motive, government action, prohibited practices
Intent or motive, handicap discrimination 183
Intent or motive, inducing sale for profit, prohibited practices within section 154
Intent or motive, notices, statements, advertisements, prohibited practices within section 133
Intent or motive, refusal to sell, prohibited practices within section
Intent or motive, terms, conditions, privileges, prohibited practices within section 120
Language preferences, notices, statements, or advertisements
Least discriminatory method available, handicap discrimination
Licensors or licensees, persons liable 164
Mail solicitation restrictions
Manufacturers, persons liable 190
Miscellaneous defenses 50
Miscellaneous discrimination, prohibited practices within section 181
Miscellaneous government action, prohibited practices within section 198

42 § 3604     FAIR HOUSING

  Miscellaneous inspections, sales, or rent prohibited practices within section
  Miscellaneous notices, statements, or advertisements, prohibited practices
  Miscellaneous persons, persons liable
  Miscellaneous prohibited practices
  Miscellaneous refusals, refusal to sell or
  Multiple listing services, notices, statements, or advertisements
  National origin discrimination, handicap discrimination 22
  Necessary accommodation, handicap discrimination, prohibited practices within section 166
  News accounts, notices, statements, or advertisements 139
  Notices, statements, or advertisements, prohibited practices 2
  Generally 132
  Adults-only policy 135
  Affirmative marketing plans 136
  Intent or motive 133
  Language preferences 137
  Mail solicitation restrictions
  Miscellaneous notices, statements, or advertisements 144
  Multiple listing services 138
  Negotiations
  News accounts 140
  Recording of deeds 141
  Restrictive covenants 142
  Third-persons 143
  White models
  Notification of neighbor requirements, handicap discrimination, prohibited practices within section 174
  Number of occupants, terms, conditions, privileges, prohibited practices within section 123

Otherwise make unavailable, refusal to sell or rent, prohibited practices within section 116
Parking, handicap discrimination, prohibited practices within section 175
Participation in federally-funded programs, government action or inaction, prohibited practices within section
Penal nature of section 11
Permit issuance, refusal to sell or rent, prohibited practices within section
Permits, conditional use, prohibited practices within section 206
Persons entitled to maintain action 205
Persons liable 30–41
  Generally 30
  Agents 32
  Banks 33
  Cities or municipalities 35
  Corporations 36
  Independent contractors 34
  Licensors or licensees 37
  Manufacturers 38
  Miscellaneous persons 41
  Organizations 39
  Respondeat superior 31
  Spouses 40
Police protection, refusal to sell or rent, prohibited practices within section 107
Police protection, terms, conditions, or privileges, prohibited practices within section 127
Power of Congress 10
Prima facie case 52–54
  Generally 52
  Application procedure 54
  Residency preferences 53
Processing application for financing construction, government action or inaction, prohibited practices within section 192
Processing housing assistance payment contracts, refusal to sell or rent, prohibited practices within section 10
Profit, inducing sale or rental for profit, prohibited practices within section 155
Prohibited practices within section 91–240
Prohibited practices within section, generally 91
Purpose 5
Quotas, prohibited practices within section 207

42 § 3604

Pg. 13 of 17

ANCHORAGE LAW LIBRARY

## 42 § 3604    PUBLIC HEALTH AND WELFARE

**Texts and Treatises**

6 Fed. Proc. L Ed Civil Rights §§ 11:24, 11:118, 11:132, 11:212, 11:220, 11:358, 11:361, 11:363, 11:376, 11:378, 11:384, 11:462, 11:465, 11:468, 11:481, 11:483, 11:486, 11:489, 11:494, 11:499, 11:500, 11:503, 11:504, 11:506, 11:507, 11:669, 11:670, 11:763, 11:765, 11:929.

6 Fed. Proc. L Ed Civil Rights §§ 11:82, 11:106, 11:107, 11:115, 11:212, 11:223, 11:359, 11:360, 11:483 to 11:486, 11:488, 11:494, 11:499, 11:506.

7 Fed. Proc. L Ed Condemnation of Property § 14:385.

18 Fed. Proc. L Ed Housing and Urban Development §§ 44:169, 44:181.

18A Fed. Proc. L Ed Immigration, Naturalization, and Nationality § 45:755.

19 Fed. Proc. L Ed Indians and Indian Affairs § 46:560.

19 Fed. Proc. L Ed Injunctions and Restraining Orders § 47:115.

### WESTLAW ELECTRONIC RESEARCH

See WESTLAW guide following the Explanation pages of this volume.

### Notes of Decisions

I. GENERALLY 1-90
II. PROHIBITED PRACTICES WITHIN SECTION 91-240

### I. GENERALLY 1-90

Generally 1-90
Adaptive design, handicap discrimination, prohibited practices within section 167
Admissibility of evidence 56, 57
 Generally 56
 Statistical evidence 57
Adults-only policy, notices, statements, or advertisements, prohibited practices within section 135
Adults-only policy, refusal to sell or rent, prohibited practices within section 96
Adults-only rental policy, familial status discrimination 21
Affirmative marketing plans, notices, statements, or advertisements, prohibited practices within section 136
Agents, persons liable 32
Animus 14
Application procedure, prima facie case 54
Appraisals, refusal to sell or rent, prohibited practices within section 97
Arbitrary and capricious HUD actions 51
Associational discrimination 17
Assumption of leases, handicap discrimination, prohibited practices within section 168
Availability for inspection, sale, or rental, prohibited practices within section 145-149
 Generally 145

Availability for inspection, sale, or rental, prohibited practices within section—Cont'd
 For sale signs 147
 Miscellaneous inspections, sales, rentals 149
 Tenant selection and assignment plans 148
Availability of listing information to minorities, prohibited practices within section 199
Banks, persons liable 33
Bona fide offer, terms, conditions, privileges, prohibited practices within section 119
Bona fide victims, availability for inspection, sale, or rental, prohibited practices within section 146
Bona fide victims, refusal to sell or rent, prohibited practices within section 98
Burden of proof 55
Business necessity, defenses 43
Cities or municipalities, persons liable 35
Citizenship requirements, refusal to sell or rent, prohibited practices within section 98
Class or economic discrimination 17
Closing costs, terms, conditions, privileges, prohibited practices within section 125
Commercial nature of speech, sale or rental for profit, prohibited

## 5    FAIR HOUSING    42 § 3604

 Commercial use of property, inducing sale or rental for profit, prohibited practices within section 152
Compacting minorities into urban areas, discrimination or inaction, prohibited practices within section 184
Constitutionality requirements, refusal to practices within section 184
Employment requirements, prohibited practices within section 201
Eviction notices, handicap discrimination, prohibited practices within section 171
Eviction, refusal to sell or rent, prohibited practices within section 202
Facially neutral standards 15
Facts of each case as controlling 28
Familial status discrimination 19-21
 Generally 19
 Adults-only rental policy 21
 Intent or motive 20
Financing purchase of home by non-handicapped, handicap discrimination, prohibited practices within section 172
Financing, refusal to sell or rent, prohibited practices within section 103
Firebombing, violence, prohibited practices within section 211
For sale signs, availability for inspection, sale, or rental, prohibited practices within section 147
For sale signs, government action or inaction, prohibited practices within section 153
Good faith, defenses 47
Good faith, inducing sale or rental for profit, prohibited practices within section 153
Good faith, refusal to sell or rent, prohibited practices within section 94
Government action or inaction, prohibited practices within section 182-198
 Generally 182
 Compacting minorities into urban areas 184
 Construction of public housing 185
 Demolition of housing 186
 Financing 187
 For sale signs 188
 Highways 189
 Intent or motive 183
 Mall solicitation restrictions 190
 Miscellaneous government action or inaction 198
Dispersal requirements, handicap discrimination, prohibited practices within section 169
Elevator maintenance policy, handicap discrimination, prohibited practices within section 170
sell or rent, prohibited practices within section 100
Construction with other laws 6, 7
 Generally 6
 Title VII of Civil Rights Act of 1964 7
Construction of public housing, government action or inaction, prohibited practices within section 185
Consent 42
Constitutionality 1-4
Generally 1
Handicapped discrimination 4
Miscellaneous constitutionality defenses 44
Corporations, persons liable 36
Customer preference, defenses 45
Defenses 42-50
 Generally 42
 Business necessity 43
 Consent 44
 Customer preference 45
 Disparate impact generally 46
 Good faith 47
 Miscellaneous defenses 50
 Tipping 48
 White flight 49
Demolition of housing, government action or inaction, prohibited practices within section 186
Discomfort in renting to minorities 16

# JONES - WALKER
## COUNSEL FOR
## ALASKA LAW OFFICES, INC.

921 West Sixth Avenue, Suite 200  
Anchorage, Alaska 99501

Telephone (907) 277-5000  
Facsimile (907) 277-6108  
Mksurakus@aloinc.com

**Steven L. Jones**  
Shareholder

**Clayton H. Walker**  
Shareholder

Municipality of Anchorage  
Equal Rights Commission  
632 West 6th Avenue, Suite 110  
Anchorage, Alaska 99501

Re:  James Polt v. Anchorage Neighborhood Housing/Adelaide Apartments  
     AERC Complaint No.: K6-011

### ENTRY OF APPEARANCE

Steven L. Jones of Alaska Law Offices, Inc., hereby enters his appearance on behalf of **Anchorage Neighborhood Housing/Adelaide Apartments** in the above-titled action. Please send all pleadings and correspondence in this matter to 921 West Sixth Avenue, Suite 200, Anchorage, Alaska 99501.

Respectfully,

Steven L. Jones  
Attorney at Law

cc:  Anchorage Neighborhood Housing/Adelaide Apartments

Pg. 15 of 17

# ANCHORAGE EQUAL RIGHTS COMMISSION
## FACT FINDING CONFERENCE
## ATTENDANCE RECORD

COMPLAINT NO.: <u>James Polt v. Anchorage Neighborhood Housing/Adelaide Apartments</u>
<u>AERC Case Number: K6-011</u>

DATE OF CONFERENCE: February 21, 2006

**PLEASE PRINT THE FOLLOWING INFORMATION:**

| NAME | TITLE | BUSINESS ADDRESS | TELEPHONE No. |
|---|---|---|---|
| 1. JAMES A. POLT | | | |
| 2. MICHAEL COURTNEY | HSNG DIRECTOR | 480 W Tudor Rd. | 677-8424 |
| 3. Steve Jones | ESQ | 921 W 6TH | 277-6117 |
| 4. | | | |
| 5. | | | |
| 6. | | | |
| 7. | | | |
| 8. | | | |

ATTENDING INVESTIGATOR

Pg. 16 of 17

**James Polt v. Anchorage Neighborhood Housing/Adelaide Apartments**
Case No.: K6-011
Fact Finding Conference Settlement Discussion

**AERC to parties:**
**Is there any interest in resolving this complaint through a voluntary settlement?**

**RP:**

Yes

**CP:**

    A. Stripping around the door on 215
    B. Adjust door in 215/ remove automatic closure.
    C. Apology/Letter admitting wrongdoing

**RP Counsel:** Hypersensitivity they don't have and that is what they are using and to someone without a condition it seems normal. The statute is the reasonable standard. We want to accommodate everyone. One thing I think may be helpful is for us to talk. They (RP) have spent a good deal of time looking into and responding to your complaints.
Full strip of weather stripping around the doors.
Can't remove automatic closure due to security and fire hazard.
Deeply apologize. I apologize for the offense.
My client would agree to putting weather stripping on the door and this could be done in the next day or so. Can't write a letter admitting anything. Your lawsuit is separate and we can deal with it separately. This is specific to the AERC complaint.
I again apologize on behalf of my client for the offense.

**CP:**

They need to admit negligence for not looking into my complaints and not responding.

**RP:**

We did respond. Inspectors came out. Staff looked into it and it sounded normal to them under the reasonable person standard.

**CP:**

I can't settle this without their admission of negligence.

Pg. 17 of 17

**Ended Settlement Discussions.**